**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **CUIHUA DONG** | **CASE NO. 3:26-CV-1485 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**JUDGMENT**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] filed by Petitioner Cuihua Dong ("Petitioner"). At the time of filing, Petitioner was an immigration detainee at Richwood Correctional Center in Monroe, Louisiana.

On April 19, 2004, Petitioner was ordered removed to China. Petitioner was taken into custody by Immigration and Customs Enforcement in October 2025. The Government filed an Amended Response to the Petition for Writ of Habeas Corpus [Doc. No. 5] stating that Petitioner was deported to China on June 23, 2026. Counsel for Petitioner did not file a reply.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy

becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Petition for the Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE AS MOOT**.

MONROE, LOUISIANA, this 7th day of October, 2026.

Terry A. Doughty
United States District Judge